UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

vs.  **Case No.** 3:88-cr-215-J-12

**BILLY JOE McCLAIN**

---

## ORDER

This cause is before the Court on the Defendant's "Petition With Supporting Memorandum of Law to Reopen the Sentence..." (Doc.1714), filed April 25, 2005. On June 6, 2005, the Government's response in opposition (Doc.1719) was filed and on June 21, 2005, the Defendant filed a reply (Doc.1723) to the Government's response.

Pursuant to 18 U.S.C. §§ 3582(c)(1)(B) and 3559(c)(7), the Defendant asks the Court to reconsider his sentence in light of the fact that one of the convictions used to calculate his criminal history score was subsequently vacated.[1] The Defendant refers to a 1988 St. Lucie County conviction described in paragraph 32 of his pre-sentence investigation report.

The Court notes as an initial matter that the Defendant does not attempt to establish nor does it appear that he would be able to establish that the conviction which was vacated was found to be unconstitutional or was vitiated on the explicit basis of innocence. See Doc. 1294. These are prerequisites to re-sentencing pursuant to 18 U.S.C § 3559(c)(7).

---

[1] The Defendant attaches to his Petition (Doc.1714) a copy of a state court Order entered February 16, 2000, vacating the Order terminating the Defendant's probation relating to the overturned conviction. That state court Order refers to the fact that the conviction was reversed and remanded by the Fourth Circuit Court of Appeals and that opinion is part of the record as Doc.1294.

Nevertheless, the record clearly demonstrates that the Court has already considered the fact that the conviction was vacated and determined that it would impose the same sentence based upon the severity of the Defendant's criminal conduct. See Docs. 1297 and 1293. Accordingly, the Defendant is not entitled to relief and the Court will deny his Petition (Doc.1714).

The Court notes that in his reply, the Defendant makes several additional challenges to his conviction and sentence, citing United States v. Booker, 125 S.Ct. 738 (2005) and related cases. Doc.1723 at 4-10. For example, he claims that a jury did not make findings beyond a reasonable doubt regarding his role in the offenses of conviction or the quantity of controlled substances involved. Those arguments, presented for the first time in his reply brief, amount to attempts to challenge his conviction and sentence properly brought pursuant to 28 U.S.C. § 2255 which requires federal prisoners who want to file a second or successive § 2255 motion to move the court of appeals for an order authorizing the district court to consider such successive petition. See e.g., In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). In the Defendant's case such challenges are successive (see Docs. 1412, 1655 and 1710) and as such he must seek permission from the Eleventh Circuit Court of Appeal to pursue them in this Court. Accordingly, it is

**ORDERED AND ADJUDGED:**

That the Defendant's "Petition With Supporting Memorandum of Law to Reopen the Sentence..." (Doc.1714) is denied.

**DONE AND ORDERED** this \_\_10TH\_\_ day of August 2005.

*Howell W. Melton*
**SENIOR UNITED STATES DISTRICT JUDGE**

Copies to:
Defendant
AUSA (Henry)