UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                                                        Case No. 3:88-cr-215-J-12

BILLY JOE McCLAIN

---

ORDER

This cause is before the Court on the Defendant's "Petition for Rehearing Seeking Order to Amend Judgment" (Doc.1726), filed August 24, 2005, seeking reconsideration of the Court's Order (Doc.1725) denying his petition to reopen sentence (Doc.1714). On September 15, 2005, the Government's response in opposition (Doc.1728) was filed.

In his motion to reopen sentence (Doc.1714), the Defendant asked the Court to reconsider his sentence in light of the fact that one of the convictions used to calculate his criminal history score was subsequently vacated, pursuant to 18 U.S.C. §§ 3582(c)(1)(B) and 3559(c)(7). For the reasons set forth in that Order (Doc.1725), the Court found that the Defendant was not entitled to relief and denied his petition.

The Court did not construe his petition to reopen sentence as a motion for post-conviction relief pursuant to 28 U.S.C. §2255, because the ground he raised in requesting reopening of his sentencing proceeding, that is, that one of the convictions used to calculate his criminal history category was subsequently vacated, is properly considered pursuant to 18 U.S.C. §3559(c)(7). The Court did note that several additional challenges the Defendant attempted to make in his reply brief amounted to challenges to his conviction and sentence properly brought pursuant to 28 U.S.C. § 2255. The Court also

noted that the Defendant is required to seek permission from the Eleventh Circuit Court of Appeals in order to make such successive challenges at this juncture.

The Defendant now seeks reconsideration of the Court's Order (Doc.1725), asserting that because he was sentenced to a mandatory life sentence, the Court did not properly consider the vacated conviction in declining re-sentence him. As the Government points out in its response, the Defendant was not sentenced to a mandatory life sentence, but to the upper end of the applicable range of 360 months to life. There is simply no basis for relief pursuant to 18 U.S.C. §3559(c)(7). Again, if the Defendant seeks to raise additional issues regarding his conviction and sentence, he must seek leave from the Eleventh Circuit Court of Appeals to file a successive §2255 motion. Otherwise, the Court is without jurisdiction to further review the Defendant's conviction and sentence. Accordingly, it is

**ORDERED AND ADJUDGED:**

That the Defendant's "Petition for Rehearing Seeking Order to Amend Judgment" (Doc.1726) is denied.

**DONE AND ORDERED** this \_\_\_12 TH\_\_\_ day of October 2005.

Howell W. Melton
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
Defendant
AUSA (Henry)