UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                               Case No.    3:88-cr-215-J-12

BILLY JOE McCLAIN

---

## ORDER

This cause is before the Court on the Defendant's "Motion for Clarification of the Conflict Between the Court, the B.O.P., and the Probation Office Addendum to the Presentence Investigation Report (PSI)" (Doc.1784), filed December 12, 2007. The Government's motion to dismiss (Doc. 1786) was filed on December 20, 2007. The Defendant filed a response to the Government's motion to dismiss (Doc. 1787) on January 2, 2008.

The Defendant does not seek re-sentencing or a reduction of his sentence, as he has previously on several occasions, but now requests that the Court correct his Pre-Sentence Investigation Report (PSR) to reflect that subsequent to his original sentencing, one of the convictions utilized to calculate his criminal history was vacated. For the reasons set forth below, the Court cannot grant the relief requested by the Defendant, but will set forth in this Order the facts related to the conviction in dispute as indicated in the Court record, and will provide a certified copy of this Order to the Bureau of Prisons.

On February 26, 1992, the Court conducted a hearing to determine whether as a result of the conviction referred to in paragraph 32 of his PSR being vacated subsequent

to the Defendant's original sentencing, the Court would impose a different sentence based upon a recalculation of his Criminal History score to eliminate the five (5) criminal history points assessed in paragraphs 32 and 34, resulting in a change in his Criminal History Category from V to III. At that time, the Court found that it would still impose a life sentence based on the Defendant's offense conduct (Offense Level 40), regardless of the change in the Criminal History calculation from Category V to III. See Docs. 1297, 1293, 1725 and 1731.

The Defendant heretofore has sought to correct his PSR and to have his sentence reduced as a result of the vacated conviction by filing motions with this Court, writing to the United States Probation Office, and filing administrative requests with the Bureau of Prisons. His requests to correct the PSR have all properly been denied because <u>at the time the Defendant was sentenced</u>, the PSR accurately reflected the Defendant's criminal history. It was only <u>subsequent to his sentencing</u> that the conviction contained in paragraph 32 was vacated. As a result, there is no authority for the Court, the U.S. Probation Office, or the Bureau of Prisons to "correct" the PSR.

Moreover, the Court record reveals that the conviction was vacated and that the Court fully considered the effect, if any, the vacated conviction should have on the sentence imposed. Clearly, neither the U.S. Probation Office nor the Bureau of Prisons has authority to reduce the Defendant's sentence.

The Defendant now has abandoned his attempt to have his sentence reduced based upon the vacated conviction, but still seeks to have his PSR corrected so that his central file with the Bureau of Prisons will reflect that the conviction contained in paragraph 32 was vacated. As stated above, the PSR and the Court record together are accurate

and contain all the information needed by the Court, so there is no basis to correct them. The exhibits attached to the Defendant's response to the Government's motion to dismiss (Doc. 1787) indicate that the Defendant has requested that the Bureau of Prisons correct his PSR, which it does not have the authority to do. It does not appear from the record before the Court, that he has made a request to the Bureau of Prisons, supported by appropriate documentation, to supplement the information contained in his Bureau of Prisons central file. As a result, the Government's motion to dismiss must be granted, because if in fact the information contained in the central file is inaccurate, and affects the Defendant's conditions of confinement, he must first exhaust administrative remedies before filing a request for relief pursuant to 28 U.S.C. § 2241. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That the Government's motion to dismiss (Doc. 1786) is granted;

2. That the Defendant's "Motion for Clarification of the Conflict Between the Court, the B.O.P., and the Probation Office Addendum to the Presentence Investigation Report (PSI)" (Doc.1784) is hereby dismissed; and

3. That the Clerk is hereby directed to furnish a certified copy of this Order to the Bureau of Prisons and to the institution where the Defendant is currently incarcerated, FCC Coleman-Medium.

**DONE AND ORDERED** this __16TH__ day of January 2008.

_Howell W. Melton_
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:

    AUSA (Henry)

    Defendant
    Billy Joe McClain
    Reg. No. 09018-018
    FCC Coleman-Medium
    P.O. Box 1032
    Coleman, FL 33521-1032

    Bureau of Prisons (certified copy per Order)

    Federal Correctional Complex Coleman-Medium
    P.O.Box 1032
    Coleman, FL 33521-1032
    (certified copy per Order)